# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Oct 25, 2021**

SEAN F. MCAVOY, CLERK

| U.S.A. vs. | Silk, Olycia Anne | Docket No. | 0980 2:21CR00067-SAB-1 |

### Petition for Action on Conditions of Pretrial Release

COMES NOW Jonathan C. Bot, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Olycia Anne Silk, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers sitting in the court at Spokane, Washington, on the 22nd day of June 2021, under the following conditions:

**Standard Condition #9:** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**Standard Condition #6:** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach.)

**Violation # 1:** It is alleged that Ms. Silk violated the conditions of her pretrial release by unlawfully possessing a narcotic drug on or about September 27, 2021.

On June 22, 2021, the conditions of pretrial release were reviewed with Ms. Silk. She acknowledged an understanding of her conditions, which included standard condition number 9.

On September 27, 2021, per Colville Police Department (CPD) X2103356, Ms. Silk was the passenger in a vehicle that was pulled over by a CPD officer. It was observed that the windshield of the vehicle was completely broken out and there was no rear license plate. As the driver of the vehicle was searching for his documents relative to the vehicle, the CPD officer observed what appeared to be a pistol on the floorboard. Ms. Silk also stated there was a knife on the passenger seat. The driver and Ms. Silk were removed from the vehicle until the pistol was secured. It was determined the pistol was a CO2 gun. While a CPD officer was retrieving the CO2 gun, another CPD officer observed a glass smoking device with residue and chunks of a crystal-like substance on the seat and next to the smoking device. The CPD officers noted the substances appeared to be methamphetamine, from their training and experience.

The CPD officers inquired about searching the vehicle, and the driver of the vehicle declined. The CPD officer then advised he was going to seize the vehicle and request a search warrant. Once the CPD officer ascertained Ms. Silk was on supervision, he searched the fanny pack she was wearing, and it was noted that he found several pieces of drug paraphernalia (two tooters with residue, a rubber container with brown residue, pieces of plastic with brown residue, and pieces of burnt foil with residue). The CPD officers advised the driver and Ms. Silk they were free to leave the scene. The CPD officer noted that there was not enough residue on the paraphernalia to conduct a field test for illicit substances.

On October 4, 2021, a search warrant was granted to search the aforementioned vehicle, and a small baggie containing a crystal substance and a spoon with white residue was located on the passenger-side floor where Ms. Silk was sitting. A field test of the substance in the baggie and on the spoon was conducted and they both tested positive for methamphetamine. CPD report X2103356 notes Ms. Silk and driver were not charged with any crime, citing a recent law change in Washington State.

Re: Silk, Olycia Anne
October 22, 2021
Page 2

**Violation # 2:** It is alleged that Ms. Silk violated the terms of her pretrial release by failing to report to her U.S. Probation Officer via telephone, as directed, on October 4, 11, and 18, 2021.

On June 22, 2021, the conditions of pretrial release were reviewed with Ms. Silk. She acknowledged an understanding of her conditions, which included standard condition number 6.

On September 28, 2021, the undersigned officer contacted Ms. Silk after it was ascertained that she had law enforcement contact on September 27, 2021. The undersigned spoke of the importance of contacting the undersigned via telephone every Monday, as she was previously directed, and Ms. Silk acknowledged an understanding of this condition. Ms. Silk was then directed to contact the undersigned via telephone on Monday, October 4, 2021, and she replied she would do so. Ms. Silk failed to contact the undersigned as directed on October 4, 2021. The undersigned has attempted to contact Ms. Silk via text message, voice mail, and email since October 12, 2021, all of which have gone unreturned. On October 18, 2021, the undersigned attempted to make contact at Ms. Silk's last known address, in which nobody appeared to be home and the undersigned left a business card on the front door. As of this writing, all attempts to contact Ms. Silk have gone unreturned and her last known telephone number appears to be out of service. Ms. Silk's whereabouts are unknown and she appears to be evading pretrial supervision.

PRAYING THAT THE COURT WILL ORDER A WARRANT

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:     October 22, 2021

by     s/Jonathan C. Bot

Jonathan C. Bot
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ]     No Action
[X]     The Issuance of a Warrant
[ ]     The Issuance of a Summons
[ ]     The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]     Defendant to appear before the Judge assigned to the case.
[X]     Defendant to appear before the Magistrate Judge.
[ ]     Other

Signature of Judicial Officer

October 25, 2021
Date