# UNITED STATES DISTRICT COURT
### for
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jan 06, 2022**

SEAN F. McAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Silk, Olycia Anne | Docket No. | 0980 2:21CR00067-SAB-1 |

### Petition for Action on Conditions of Pretrial Release

COMES NOW Jonathan C Bot, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Olycia Anne Silk, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers sitting in the court at Spokane, Washington, on the 22nd day of June 2021, under the following conditions:

**Standard Condition #6:** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**Special Condition # 1:** Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange, in any form and at any time, any and all diagnostic information, treatment recommendation information, or compliance reports, or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

**Special Condition # 2:** Defendant shall submit to random urinalysis and/or Breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation # 1:** It is alleged that Ms. Silk violated the terms of her pretrial release by failing to report to her U.S. probation/pretrial services officer via telephone, as directed, on November 29, December 6, 13, 20, 27, 2021, and January 4, 2022.

On June 22, 2021, the conditions of pretrial release were reviewed with Ms. Silk. She acknowledged an understanding of her conditions, which included standard condition number 6.

On November 24, 2021, the undersigned last spoke with Ms. Silk and she was reminded and directed to report to the undersigned via telephone every Monday until instructed otherwise. Ms. Silk has failed to report via telephone on November 29, December 6, 13, 20, 27, 2021, and January 4, 2022. On December 29, 2021, the undersigned attempted to make contact at Ms. Silk's last known address, in which nobody appeared to be home and the undersigned left a business card on the front door. As of this writing, all attempts to contact Ms. Silk and her alternate contact since November 24, 2021, have been unsuccessful. Ms. Silk's whereabouts are unknown and she appears to be evading pretrial supervision.

**Violation # 2:** It is alleged that Ms. Silk violated the terms of her supervised release as she was a "no show" for her random urinalysis testing on December 6 and 27, 2021.

On November 8, 2021, the special conditions of pretrial release were reviewed with Ms. Silk. She acknowledged an understanding of her conditions, which included special condition number 2.

On November 15, 2021, Ms. Silk was advised she would be placed on the phase urinalysis testing program at Alcohol Drug Education Prevention Treatment (ADEPT). Ms. Silk was further advised she would be on the urinalysis testing color gold.

**Re: Silk, Olycia Anne**
**January 5, 2022**
**Page 2**

She was directed to call the testing line every day, and was to report to ADEPT on the days that gold was called, in order to submit to urinalysis testing. Per ADEPT, Ms. Silk was a "no show" for urinalysis testing on December 6 and 27, 2021. Ms. Silk was not excused from testing on these dates and she did not contact the undersigned in any manner to offer explanation.

**Violation # 3:** It is alleged that Ms. Silk violated the terms of her supervised release by failing to obtain a substance abuse evaluation.

On November 8, 2021, the special conditions of pretrial release were reviewed with Ms. Silk. She acknowledged an understanding of her conditions, which included special condition number 1.

On November 8, 2021, Ms. Silk was advised that pursuant to special condition number 1 she was to obtain a substance abuse evaluation and was provided various vendor contact information as to where this could occur. On November 24, 2021, the undersigned last spoke with Ms. Silk and she informed the undersigned that she has yet to obtain a substance evaluation. As of this writing, Ms. Silk has yet to provide any proof to U.S. Probation/Pretrial Services that she has obtained a substance evaluation.

PRAYING THAT THE COURT WILL ORDER A WARRANT

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: January 5, 2022

by    s/Jonathan C. Bot

Jonathan C. Bot
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

s/James P. Hutton

Signature of Judicial Officer

1/06/2022

Date